ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 NOV -3  P 12: 05

CLERK _____
SO. DIST. OF GA.

GREGORY GILLILAN,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )      CV 106-123
                                     )
DR. GARRISON, et al.,                )
                                     )
            Defendants.              )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("A.S.M.P.") in

Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983.

Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect

potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings

drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-

21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is

frivolous or malicious or that fails to state a claim upon which relief may be granted. 28

U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint and amended complaint,[1] the Court finds the following.  Plaintiff names the following Defendants: (1) Dr. Garrison, Mental Health Director at A.S.M.P, (2) Dr. Shaw, a mental health physician at A.S.M.P, and (3) the A.S.M.P. Mental Health Department.  (Doc. no. 1, p. 2; doc. no. 3, pp. 1-2).

Plaintiff alleges that he suffers from Hepatitis C and takes medication for this condition.  (Doc. no. 1, p. 6).  According to Plaintiff, either the medication or his condition cause him to have problems with depression.  (Id.).  Plaintiff was treated for mental health problems at his prior place of incarceration; however, when he was transferred to A.S.M.P., all mental health medication and consultation ceased.  Three weeks after arriving at A.S.M.P., Dr. Shaw visited Plaintiff, but despite his complaints, no medical care was provided for his depression.  (Id.).  Plaintiff states that he attempted to file grievance forms regarding the lack of treatment for his depression.  (Id. at 4).  However, Plaintiff claims that the prison staff refused to accept his grievances or provide him the proper grievance forms.  (Id. at 4-5).[2]

## II. DISCUSSION

Plaintiff's claim against the A.S.M.P. Mental Health Department fails as a matter of

---

[1]In his motion to amend (doc. no. 3), Plaintiff sought to clarify the identity of a Defendant but did not otherwise amend his complaint.  The Court recognizes that Plaintiff did not fully amend his complaint; therefore, the Court will consider Plaintiff's original and amended complaint together.

[2]Plaintiff has arguably set forth facts indicating that the administrative process was unavailable, and therefore, at this early stage of the case, the Court will presume that these allegations are sufficient to satisfy the exhaustion requirement in 42 U.S.C. § 1997e(a).  See Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).

law. Plaintiff must sue the individuals personally involved in the wrongs he alleges; he may not simply name the "A.S.M.P. Mental Health Department" as a Defendant.[3] This is improper, and accordingly, the A.S.M.P. Mental Health Department should be dismissed from this action.

Moreover, Plaintiff's claim against Dr. Garrison also fails as a matter of law. Plaintiff failed to include Dr. Garrison in the statement of claim; therefore, Plaintiff has not set forth any allegations which indicate that this Defendant violated his constitutional rights.

Further, to the extent Plaintiff blames Dr. Garrison for the allegedly unconstitutional acts of his subordinates, "[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted, Plaintiff has not alleged that this Defendant actually participated in his medical care. On this point, the Court notes that "[s]upervisory

---

[3]In Plaintiff's list of Defendants, he notes that the A.S.M.P. Mental Health Department passes off inmates from physicians to medical students and, therefore, the prisoners are being used as "test subjects." (Doc. no. 1, p. 2). Due to this circumstance, Plaintiff states that he "reserves the right" to name additional defendants in furtherance of this claim. (Id.). However, any attempt by Plaintiff to insert a placeholder into this action and amend at his leisure is inappropriate. Because Plaintiff has already filed an amended complaint, pursuant to Fed. R. Civ. P. 15(a), Plaintiff must seek leave of the Court or written consent of the adverse party to further amend his complaint in order to add additional Defendants.

officials must rely on their subordinate professionals to make competent medical decisions. As long as supervisory officials have no reason to believe that their subordinates are failing to carry out their duties in a competent manner, they should not be held liable for medical decisions over which they have no direct control." Waldrop v. Evans, 681 F. Supp. 840, 851 (M.D. Ga. 1988). Here, Plaintiff has proffered no reason to suppose that this Defendant was even aware of a deficiency in his medical treatment, much less that he was deliberately indifferent to his medical needs.

Similarly, Plaintiff fails to allege a "causal connection" between this Defendant and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam) (requiring an affirmative causal connection between a Defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[4] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has proffered

---

[4]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

4

no allegations to suggest that this Defendant knew about any widespread abuse or that he was responsible for a custom or policy which resulted in deliberate indifference to Plaintiff's mental health problems.  In sum, Plaintiff has failed to state a claim upon which relief may be granted against Dr. Garrison.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants Dr. Garrison and the A.S.M.P. Mental Health Department be **DISMISSED**.[5]

SO REPORTED and RECOMMENDED this 3rd day of November, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5]By separate Order, the Court has directed that service of process be effected on Dr. Shaw based on Plaintiff's allegations of deliberate indifference to a serious medical need.

5