ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 DEC 21  P 3: 18

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| GREGORY GILLILAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 106-123 |
| | ) |
| DR. SHAW, | ) |
| | ) |
| Defendant. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. Objections to the R&R were due by November 27, 2006. (Doc. no. 9, p. 1). However, on November 30, 2006, Plaintiff belatedly filed his "Motion to Object Court Recommendation with Exhibit Evidence Marked 1." (Doc. no. 11). On this date Plaintiff also filed a "Motion for Addmendment (sic)," and "Motion for Relief." (Doc. nos. 12, 13).

Even if the Court considers Plaintiff's tardy objections as timely filed, his arguments fail to cast any doubt upon the R&R. The R&R advised that Defendant Garrison, the Mental Health Director at Augusta State Medical Prison ("ASMP"), should be dismissed not only because there was no mention of Defendant Garrison within Plaintiff's statement of claim, but also because a defendant cannot be held liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior*. (Doc. no. 8, pp. 3-5). Plaintiff contends that Defendant Garrison should not be dismissed from this action based upon a

letter which was allegedly sent to Defendant Garrison by Plaintiff on October 21, 2006, detailing Plaintiff's belief that the medical care provided by Defendant Shaw was deficient. (Doc. no. 11, p. 3). Presumably, by presenting this letter, Plaintiff is attempting to create an inference that Defendant Garrison knew about Defendant Shaw's alleged improper actions and, therefore, he can be held liable for deliberate indifference to his medical needs. However, because Plaintiff's complaint was filed on August 23, 2006, referencing a letter dated October 21, 2006, does not establish that Defendant Garrison participated in, or knew about, Plaintiff's alleged deficient medical care at the time of the events alleged in the complaint.[1]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendants Garrison and the ASMP Mental Health Department are **DISMISSED**.[2]

SO ORDERED this 21st day of December, 2006, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's "Motion for Addmendment (sic)" (doc. no. 11) seeks to correct the title of Defendant Garrison stating that his name is "Mr. Garrison" not "Dr. Garrison." Because Defendant Garrison is due to be dismissed from this action, Plaintiff's motion to amend is **MOOT**. However, for the purposes of clarification, the Clerk is **DIRECTED** to make this correction to the docket.

[2] Plaintiff's "Motion for Relief" (doc. no. 13) appears to be a motion for injunctive relief against Defendants Garrison and the ASMP Mental Health Department. As these Defendants are due to be dismissed from this action, this motion is **DENIED as MOOT**.