ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT

2007 MAY -1 P 1: 28

CLERK
S.D. DIST. OF GA.

| | |
|---|---|
| GREGORY GILLILAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 106-123 |
| ) | |
| DR. SHAW, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, at the time the present action was filed, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*.

On November 3, 2006, the Court directed that service of process be effected upon Defendant Dr. Shaw based upon Plaintiff's allegations of deliberate indifference to a serious medical need. (Doc. no. 10, pp. 2-3). Although the United States Marshal was directed to serve Defendant, Plaintiff was informed that it was his responsibility to provide sufficient information for the Marshal to identify and locate Defendant to effect service. (Id. at 3). Furthermore, Plaintiff was informed of the requirement that service be effected within 120 days of the date of the Court's November 3rd Order. (Id. (citing Fed. R. Civ. P. 4(m)). Plaintiff was also informed that if Defendant was not timely served within this 120-day period he could be dismissed from this action. (Id.).

The Marshal attempted to effect service of process upon Defendant at ASMP; however, the process receipt and return indicate that Defendant could not be located because he had

resigned from his position at ASMP and failed to leave a forwarding address with ASMP or the Georgia Department of Corrections. (See doc. no. 16). Therefore, the Marshal was unable to effect service upon Defendant.

On February 22, 2007, the Court reminded Plaintiff that he was responsible for determining the appropriate service address for Defendant so that Dr. Shaw could be located to effect service. (Doc. no. 18, p. 2; doc. no. 10, p. 3). The Court directed Plaintiff to provide an appropriate service address where Defendant could be located so that Defendant could be served with in the 120-day period for effecting service of process, which expired on March 4, 2007. (Doc. no. 18, p. 2). Plaintiff failed to respond to the Court's February 22nd Order and service was, therefore, not effected within the 120-day time period dictated by Fed. R. Civ. P. 4(m).

On March 27, 2007, the Court issued an Order directing Plaintiff to show cause why this case should not be dismissed without prejudice based upon Plaintiff's failure to provide an appropriate service address where Defendant could be located to effect service. (Doc. no. 20). Plaintiff did not respond to the Court's March 27th Order.

As Plaintiff has failed to provide an appropriate service address for Dr. Shaw, and as Dr. Shaw is the only Defendant in this Case, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice.

SO REPORTED and RECOMMENDED this /0+ day of ___May___, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

2